## FARES v VINDICATOR PRTG CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2560.   Decided May 4, 1939

Clyde H. Dyson, Youngstown, for appellant.

Manchester, Ford, Bennett & Powers, Youngstown, for appellee.

(HAMILTON, PJ., MATTHEWS and ROSS, JJ., of the First District, sitting by designation.)

### OPINION

By HAMILTON, PJ.

Plaintiff's action was for libel, based on a certain publication by the defendant in its newspaper publication of June 10th, 1937.

The pertinent part of the publication is as follows:

"The action of the Youngstown Boxing Commission in indefinitely suspending Buddy Fares, as a promoter, for having given out a story that he had been approached with a 'shakedown' proposition, was indeed the only decent action left to the commissioners.

"Fares admitted he authored the story, and evidence at the hearing Monday night showed he had absolutely nothing with which to back up his astonishing charge. The 'shakedown' story was indeed a bold challenge of the commissioners' authority, and to have met it in any other way than with suspension would have been to condone loose and damaging conversation that should have no place in local sport."

The rest of the publication may be disregarded as it makes no reference to

plaintiff. It is only a criticism of the wrestling business in Youngstown and comment on another promoter.

It was the province of the court to first determine whether the publication was libelous per se. If libelous per se, it was not necessary to prove malice. If not, the publication cannot be made a ground of recovery in the absence of proof of special damage.

See: **The Cleveland Leader Printing Co. v Nethersole, 84 Oh St 118.**

There was no allegation or proof of special damage so that plaintiff fails as to this ground of recovery.

The trial court in ruling on the publication found that it was not libelous per se, and we think rightly so. The analysis of publication leads to the conclusion that it but undertook to justify the Youngstown Boxing Commission in its action in suspending Fares as a wrestling promoter in Youngstown upon a public hearing, and comments on the improbability of the story Fares gave to the Commission at the hearing.

Our conclusion is that the publication is not libelous per se and there being no evidence of special damage, the judgment should be affirmed.

Judgment affirmed.

MATTHEWS & ROSS, JJ, concur.